UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

METROPOLITAN LIFE
INSURANCE COMPANY,

      Plaintiff,

v.

SHIRLLESLEA RODGERS,
TOINU RODGERS,
DESTINY RODGERS,
JEREMIAH KENDRICK,
and EDRIC RODGERS,

      Defendants.

_____/

Case No. 3:22-cv-10298
District Judge Robert H. Cleland
Magistrate Judge Anthony P. Patti

## REPORT AND RECOMMENDATION REGARDING DISTRIBUTION OF FUNDS AND DISMISSAL OF ACTION

**I.    RECOMMENDATION**: Consistent with E.D. Mich. LR 67.1(b), the Court should enter an order directing the Clerk of the Court to distribute the remaining balance in the Registry of the Court equally between the following three defendants:  Toinu Rodgers, Destiny Rodgers, and Jeremiah Kendrick.  Thereafter, the Court should enter an order dismissing this case with prejudice.

**II.    REPORT:**

    **A.    Background**

Plaintiff Metropolitan Life Insurance Company filed this lawsuit on February 14, 2022 to seek the Court's assistance in distributing $15,950.00 in life insurance benefits that have since been placed on deposit with this Court, along with interest accrued before the deposit was made. (ECF Nos. 1, 16.) That amount was based upon an original benefit amount of $23,925.00, from which Defendant Shirlleslea Rodgers has already received an agreed upon distribution of $7,975.00, which represents her entire 33.33% share (*see* ECF No. 1, PageID.5, ¶ 18) and complete satisfaction of the amount owed to her, as confirmed on the record on March 24, 2023.

On December 8, 2022, the Court received an interpleader deposit in the amount of $20,470.84 (*i.e.*, $15,950.00 "plus any applicable interest"). (*See* ECF No. 16.) Thus, for purposes of this order, $20,470.84 is the principal amount.

Each of the defendants is an individual and identified as either a child or a grandchild of decedent Willie Rodgers. (ECF No. 1, PageID.2 ¶¶ 2-7.) No liens have been made known to the Court.

### 1.    Edric Rodgers's withdrawal

On Monday, March 20, 2023, and again on March 24, 2023, Edric Rodgers contacted my chambers seeking to withdraw from this case, indicating that he was no longer interested in obtaining a share of the money at issue. He inquired as to whether he would still need to appear for the settlement conference, and was told

that he either needed to appear and make a statement on the record, or beforehand submit a notarized, written statement of his decision to forego his claim in these proceedings.

On March 24, 2023, the day set for an in-person settlement conference, Defendant Edric Rodgers, Decedent's son, filed a "motion for withdrawal from proce[e]dings." (ECF No. 25.)  In this written request, Edric Rodgers asked that the Court order his "withdrawal from court proce[e]dings . . . [,]" and represented that he "[is] not being coerced or threatened to make [his] decision." (*Id*., PageID.174.)  Edric Rodgers further represented that he "attempted to contact the opposing party/parties [*i.e*., his family members] by text[,]" but "[did] not have all parties['] contact info." (*Id*.)

The Court, in turn, construed Eric Rodgers's "motion for withdrawal from proceedings" (ECF No. 25) as "a request to relinquish any right he has to the remaining funds for distribution and to terminate him as a Defendant and claimant in this case." (ECF No. 26, PageID.178.)  As such, the Court granted the motion. (*Id*.)  Importantly, the Court's order was served on March 27, 2023 and contained language stating that:  "The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1)." (ECF No. 26, PageID.178, n.2.)  More than two

weeks have passed since the order was served, and no objections have been received from Edric Rodgers.

### 2.    The March 24, 2023 settlement conference

When the other parties all appeared for the settlement conference, and Edric Rodgers did not, an agreement was quickly reached and placed on the record, whereby all of the remaining funds on deposit with the Court would be distributed equally between Toinu Rodgers, Destiny Rodgers and Jeremiah Kendrick, in equal portions.  *See* E.D. Mich. LR 67.1(b) ("Withdrawal Order.").

Shirlleslea Rodgers confirmed on the record that her claim has already been fully satisfied, and she waived any right or claim to any of the funds still on deposit.

## II.    RECOMMENDATION

In light of the foregoing, consistent with E.D. Mich. LR 67.1(b), the Court should enter an order directing the Clerk of the Court to distribute the remaining balance in the Registry of the Court equally between the following three defendants (Toinu Rodgers, Destiny Rodgers, and Jeremiah Kendrick).  Thereafter, the Court should enter an order dismissing this case with prejudice.

## III.    PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service,

as provided for in Fed. R. Civ. P. 72(b)(2) and E.D. Mich. LR 72.1(d).  Failure to

file specific objections constitutes a waiver of any further right of appeal.  *Thomas*

*v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d

505 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others

with specificity will not preserve all the objections a party might have to this

Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d

390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d

1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections

must be served on this Magistrate Judge.

 Any objections must be labeled as "Objection No. 1," and "Objection No.

2," *etc.*  Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains.  Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR

72.1(d).  The response must specifically address each issue raised in the objections,

in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," *etc.*  If the Court determines that any objections are without

merit, it may rule without awaiting the response.

_____
Anthony P. Patti

Dated: April 18, 2023              UNITED STATES MAGISTRATE JUDGE